IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SOLOMON LEE/MILLSAP                                                                      PLAINTIFF

v.                          Civil No. 06-4028

SANDRA BROWN, Security Officer, Varner
Supermax Unit; M. HARREL, Security Officer,
Varner Supermax Unit; COI BROWN, Security
Officer, Varner Supermax Unit; B. McCONNEL,
Security Officer, Varner Supermax Unit; KATV;
CHANNEL 7; GOVERNOR MIKE HUCKABEE;
DALE NICHOLSON, Chairman, Channel 7 (KATV);
LARRY MAY, Deputy Director, ADC; LARRY
NORRIS, Director, ADC; MAX MOBLEY, Deputy
Director, ADC; RICK L. TONEY, Warden,
Varner Supermax Unit; TERRI BROWN,
Administrative Review Officer, Varner Supermax
Unit; JENNIFER MORRIS HORAN, Federal
Defender; JAMES GIPSON, Internal Affairs
for ADC; TIFFANYE COMPTON, Inmate
Grievance Supervisor; PULASKI COUNTY
and LINCOLN COUNTY                                                                    DEFENDANTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Solomon Lee/Millsap ("Millsap") brings this pro se civil rights action under 42 U.S.C. § 1983, alleging a wide range of violations including "prejudice, malicious intent, denial of due process and equal protection which in [sic] violation of First, Fifth, Eighth, and Fourteenth Amendment [sic] to the United States Constitution." (Doc. 1, Attached Page.) These claims appear to arise out of the execution of Rally Doby Noel.

This court granted plaintiff in forma pauperis status (Doc. 3), subject to a later determination of whether service should be issued. For the reasons explained below, service

should not be directed, rather this complaint should be transferred to the United States District Court for the Eastern District of Arkansas.

All of the defendants that Millsap names in this action reside in the Eastern District of Arkansas. Furthermore, the plaintiff was detained in the Arkansas Department of Correction Brickey's Unit when he filed his complaint, and the Brickey's Unit is also located in the Eastern District of Arkansas.

Venue in a civil action is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *See* 28 U.S.C. § 1391. It appears that Millsap's claims arise from actions taken in the Eastern District of Arkansas, and thus, venue is proper in that district.

Therefore, I recommend that in the interest of justice that this case be transferred to the Eastern District of Arkansas. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.") The clerk should be directed to transmit the original file to the Clerk for the United States District Court for the Eastern District of Arkansas.

**Millsap has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Millsap is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of May 2006.

                                            **/s/ Bobby E. Shepherd**

                                        _____
                                        HON. BOBBY E. SHEPHERD
                                        UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)